TERRENCE BIGGS *v.* WARDEN, STATE PRISON
(9729)

FOTI, LANDAU and HEIMAN, Js.

Argued September 12—decision released October 15, 1991

*Denise Dishongh,* with whom was *Louis S. Avitabile,* for the appellant (petitioner).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *Donald B. Caldwell,* state's attorney, and *Christopher Alexy,* deputy assistant state's attorney, for the appellee (respondent).

HEIMAN, J. The petitioner appeals from the habeas court's determination that his confinement is legal and its dismissal of his petition for a writ of habeas corpus. The petitioner claims that this judgment is fatally flawed because the habeas court (1) improperly concluded that the petitioner failed to prove that the trial court impermissibly restricted his voir dire examination with reference to the credibility of police officers, (2) improperly excluded an out-of-court statement on hearsay grounds, (3) incorrectly concluded that the restrictive voir dire was not harmful to the petitioner at trial, and (4) wrongfully concluded that the petitioner had not been denied the effective assistance of counsel. We affirm the judgment dismissing the petition.

The facts necessary to the resolution of this appeal may be briefly summarized as follows. The petitioner was charged with the crimes of attempted assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1) and larceny in the second degree in violation of General Statutes §§ 53a-119

and 53a-123 (a) (1). After a jury trial, he was convicted of the crimes charged.[1]

The jury voir dire commenced on October 3, 1984. During the voir dire, neither counsel addressed any questions to venirepersons as to whether they would give greater weight or credit to a police officer's testimony than to that of any other witness. Counsel did, however, direct questions to venirepersons as to whether they had relatives or friends who were law enforcement officers and whether they had had any experiences with police officers that would influence their feelings about their testimony. Counsel also inquired as to the ability of the venirepersons to follow the law as given to the jury in the jury instructions.

In his petition for a writ of habeas corpus, the petitioner alleged that the trial judge, in an off the record conference in chambers, indicated that he would not permit either counsel to ask any prospective juror whether that person would, as a juror, weigh or credit a police officer's testimony differently from that of any other witness. The trial judge testified that he had no recollection of any discussion with counsel in this case concerning the voir dire. The assistant state's attorney who tried the criminal case testified that he could not recall any specific restriction on counsel's voir dire examination, and the attorney who represented the petitioner at his criminal trial testified that he understood from a conversation with the trial judge that this was an area of inquiry that should not be pursued. Nothing, however, appears on the record of the trial court to support this claim.

The habeas court found that the petitioner had failed to prove by a fair preponderance of the evidence that

---

[1] The petitioner appealed from the judgment of conviction, which was affirmed. *State* v. *Biggs*, 13 Conn. App. 12, 13–17, 534 A.2d 1217 (1987), cert. denied, 207 Conn. 801, 540 A.2d 73 (1988).

the trial court had unduly restricted the voir dire examination. It further found that the petitioner had not been denied the effective assistance of counsel. Accordingly, it dismissed the petition for a writ of habeas corpus.

I

The petitioner first asserts that the habeas court improperly found that he failed to prove that the trial court had impermissibly restricted his conduct of the jury voir dire. We disagree.

The habeas court held a full evidentiary hearing. It heard testimony from the trial judge, the trial attorney and the trial prosecutor. On the basis of the testimony, the habeas court concluded that the petitioner had failed to meet his burden of proving that the trial judge had impermissibly restricted the voir dire.

The habeas court correctly concluded that the burden of establishing grounds for relief in a habeas corpus proceeding rested with the petitioner. *Finley* v. *Manson,* 1 Conn. App. 260, 264, 470 A.2d 1234 (1984). "The petitioner, as the plaintiff in a habeas corpus proceeding, bears a heavy burden of proof." *Lubesky* v. *Bronson,* 213 Conn. 97, 110, 566 A.2d 688 (1989). The issue of whether the trial court restricted the scope of the defendant's voir dire examination is fact bound. Where the issue that is to be reviewed is one of fact, the habeas court's findings of fact are subject to reversal only if they are clearly erroneous. Id.; see also *Kleinman* v. *Marshall,* 192 Conn. 479, 483, 472 A.2d 772 (1984).

"Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641 (1952); *Robert S. Weiss & Co.* v. *Mullins,* 196 Conn. 614, 621, 495 A.2d 1006 (1985). The trier's determination of fact

will be disturbed only in the clearest of circumstances, where it could not have reasonably reached such a conclusion. *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 180, 455 A.2d 833 (1983).

Where the factual basis of the trial court's decision is attacked, we are called upon to " ' "determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." . . .' " *Duksa* v. *Middletown,* 192 Conn. 191, 205, 472 A.2d 1 (1984). It is not our function, however, to examine the record to see if the trier of fact could have reached a contrary conclusion. *Rodriguez* v. *New Haven,* 183 Conn. 473, 477, 439 A.2d 421 (1981). In short, we are not permitted to reject a factual finding on appeal merely because we, as a reviewing court, might disagree with the conclusion or would have reached a different result had we been sitting as the factfinders. *Lupien* v. *Lupien,* 192 Conn. 443, 446, 472 A.2d 18 (1984).

Upon review of the transcript of the habeas proceedings and of the whole record, we cannot say that the conclusion by the trial court that the petitioner failed to meet his burden of proof was clearly erroneous.

The petitioner also attacks the alternative conclusion reached by the habeas court that, even if the trial court restricted the voir dire as alleged, such restriction was harmless. In view of our conclusion that the habeas court's factual finding was not clearly erroneous, we need not address the issue of harmlessness.

## II

The petitioner next asserts that the habeas court improperly excluded an out-of-court statement on the ground that the statement was hearsay. Specifically, the petitioner sought to elicit from trial defense coun-

sel the content of the alleged conversation in chambers among counsel and the trial judge concerning the scope of voir dire examination.

Our review of the record discloses that the question that the petitioner claims was improperly excluded by the habeas court was withdrawn by counsel.[2] Thus, this issue was not properly preserved for appellate review.

It is a long standing rule that absent certain exceptional circumstances, not applicable here, claims not distinctly raised at trial will not be reviewed on appeal. *Saradjian* v. *Saradjian,* 25 Conn. App. 411, 419, 595 A.2d 890 (1991); *Goold* v. *Goold,* 11 Conn. App. 268, 282, 527 A.2d 696, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987); *Hanson* v. *Department of Income Maintenance,* 10 Conn. App. 14, 18, 521 A.2d 208 (1987). "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . ." (Citations omitted.) *Keating* v. *Glass Container Corpo-*

---

[2] The question and subsequent colloquy were as follows: Direct Examination Continued by Mr. Avitabile:

"Q. Did Judge Higgins tell you that as a matter of practice he would simply preclude certain areas of inquiry?

"Mr. Alexy: Objection. That calls for hearsay.

"The Court: Do you know what he told you?

"A. I have a recollection of the conversation, Your Honor.

"The Court: I thought we were going to proceed along the line that as a result of your conversation with Judge Higgins whether you did or didn't ask questions. That's the way we were going to proceed, Mr. Avitabile.

"Mr. Avitabile: May I have an exception, Your Honor?

"The Court: I'm saying I thought you said that this was something that you could live with too that—

"Mr. Avitabile: Well, I can, Your Honor, but I think that this particular question is obviously allowable in reference to—I can withdraw that question, Your Honor—

"The Court: All right, and let me—

"Mr. Avitabile: Why don't we do that, and I'll try the reverse."

*ration,* 197 Conn. 428, 431, 497 A.2d 763 (1985); *Sarad-jian* v. *Saradjian,* supra.

We decline to review this claim because it was not properly raised or preserved before the trial court.

### III

The petitioner further asserts that the habeas court improperly concluded that the restriction on voir dire questioning on the credibility of police officers was not harmful and that it incorrectly found that he was not deprived of the effective assistance of counsel.

Because of our resolution of the first issue, that the finding of the trial court that the petitioner failed to establish an improper restriction of the voir dire examination was not clearly erroneous, we need not address the remaining issues further because the factual predicate upon which these claims must stand has been properly resolved against the petitioner.

The judgment is affirmed.

In this opinion the other judges concurred.