DARRYL MCKNIGHT *v.* COMMISSIONER OF CORRECTION
(12849)

HEIMAN, SCHALLER and SPEAR, Js.

Argued June 13—decision released August 30, 1994

*Neal Cone,* assistant public defender, for the appellant (petitioner).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gerard Eisenman,* assistant state's attorney, for the appellee (respondent).

SPEAR, J. The petitioner appeals[1] from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. He claims that the habeas court (1) improperly concluded that he had abandoned his claim that his guilty plea under the *Alford* doctrine[2] was not voluntarily and intelligently entered, and (2) abused its discretion in refusing to permit the petitioner to reassert a previously withdrawn claim that his guilty plea was invalid. We affirm the judgment of the habeas court.

The record sets forth the facts and procedural history of this case. The petitioner was arrested and charged with murder in violation of General Statutes § 53a-54a.[3] On January 22, 1987, a probable cause hearing was held pursuant to General Statutes § 54-46a. As a result of the hearing, the court made a finding of probable cause. The petitioner eventually entered

---

[1] The petitioner appealed to the Appellate Court upon the habeas court's granting of certification pursuant to General Statutes § 52-470 (b).

[2] Under *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he is guilty to avoid the risk of proceeding to trial.

[3] The petitioner was also charged with two counts of assault in the first degree in violation of General Statutes § 53a-59 to which he pleaded guilty under the *Alford* doctrine. These convictions are not at issue in the present appeal.

a guilty plea under the *Alford* doctrine and received a total effective sentence of imprisonment of twenty-five years. He did not appeal from the judgment of conviction.

On May 31, 1989, the petitioner, represented by new counsel, filed a petition for a writ of habeas corpus. The petitioner claimed that his conviction was improper because (1) he was denied his constitutional right to the effective assistance of counsel at the probable cause hearing,[4] and (2) his *Alford* plea was not made knowingly, intelligently and voluntarily. With regard to the first claim, the petitioner specifically argued that trial counsel failed to offer evidence or to make an offer of proof that the petitioner was not present at the scene of the crime, and that witnesses may have identified the perpetrator as someone other than the petitioner. He further argued that his plea was not entered intelligently and knowingly because he was not aware that his counsel had been ineffective at the probable cause hearing.

At the habeas hearing on July 19, 1993, the habeas court dismissed the petition, concluding that (1) the petitioner's unconditional *Alford* plea served as a waiver of his antecedent claim of ineffective assistance of counsel at the probable cause hearing pursuant to *State* v. *Niblack,* 220 Conn. 270, 276–77, 596 A.2d 407 (1991),[5] and (2) the petitioner specifically abandoned

___

[4] The petitioner's claim of ineffective assistance of counsel was properly pursued on a petition for a writ of habeas corpus rather than on direct appeal. *State* v. *Crenshaw,* 210 Conn. 304, 315, 554 A.2d 1074 (1989); *State* v. *Williamson,* 206 Conn. 685, 707, 539 A.2d 561 (1988); *State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982).

[5] In *State* v. *Niblack,* supra, 220 Conn. 270, the petitioner claimed that errors in the probable cause hearing invalidated his guilty plea entered pursuant to the *Alford* doctrine. Our Supreme Court held that the petitioner's unconditional plea of guilty intelligently and voluntarily made, " 'operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings.' " Id., 276.

any claim that his plea was not entered knowingly, intelligently and voluntarily. Having received certification from the habeas court pursuant to General Statutes § 52-470 (b), the petitioner appealed to this court.

I

The petitioner first claims that the habeas court improperly concluded that he had abandoned his claim that his guilty plea was not made voluntarily and intelligently. He contends that this claim was before the habeas court as "part of the claim that [the] petitioner had not received the effective assistance of counsel at the [probable cause hearing]." We disagree.[6]

We first consider our scope of review. "In a habeas corpus appeal, this court may not disturb underlying historical facts found by the habeas court unless they are clearly erroneous. *Veal* v. *Warden,* 28 Conn. App. 425, 428, 611 A.2d 911, cert. denied, 224 Conn. 902, 615 A.2d 1046 (1992); *Biggs* v. *Warden,* 26 Conn. App. 52, 56, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991). [W]e are called upon to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . Our function is not to examine the record to see if the trier of fact could have reached a contrary conclusion." (Citation omitted; internal quotation marks omitted.) *Siano* v. *Warden,* 31 Conn. App. 94, 95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

---

[6] Even if we were to agree with the petitioner that this claim was part of the ineffective assistance of counsel claim, we would still reach the same result. The habeas court gave a full hearing to the petitioner's claim of ineffective assistance before concluding that he had waived that claim by pleading guilty under the *Alford* doctrine. See *State* v. *Niblack,* supra, 220 Conn. 270. By pleading guilty, the petitioner also waived any claim subsumed within the ineffective assistance claim.

The petitioner, in his fourth amended petition for a writ of habeas corpus, alleged, inter alia, that his guilty plea was not made knowingly, intelligently or voluntarily.[7] The transcript of the May 19, 1993 habeas hearing reveals, however, that this allegation was expressly withdrawn by the petitioner's habeas counsel.[8] Her con-

---

[7] The petitioner alleged the following: "2.g. Trial counsel's representation further prejudiced the petitioner because on March 3, 1988, the petitioner pleaded guilty under the *Alford* doctrine to murder in the first degree [sic], [General Statutes] § 53a-54c [sic], and two counts of assault in the first degree, [General Statutes] § 53a-59. Petitioner pleaded guilty because he was advised by counsel that because he was charged with murder, he risked the imposition of one hundred years incarceration and the possibility of the death penalty if he persisted in his plea of not guilty.

"2.h. Petitioner's trial counsel's failure and omissions outlined above undermined the adequacy of counsel's advice to the petitioner to plea bargain, because the advice was the result of counsel's ineffective assistance at the petitioner's probable cause hearing.

"2.i. Accordingly, petitioner's guilty plea was not knowing, intelligent or voluntary."

[8] The colloquy between counsel and the court was as follows:

"[The State]: Your Honor, I think before I go any further, is counsel withdrawing her claims under Paragraph 2.g, h, i . . . ?

* * *

"[The Court]: I think the respondent's counsel is addressing the statements that you made in your opening statement that you weren't attacking the guilty plea . . . is that correct, as I understand?

* * *

"[The Court]: Well, he wants to know whether or not you're arguing it. He doesn't want the witness to be gone and then find out he had other questions to ask.

* * *

"[Special Public Defender]: No, Your Honor, we [are] [re]stricting it to the representation at the probable cause hearing.

"[The Court]: Okay.

"[The State]: So those other sections are withdrawn?

"[The Court]: Except to the extent there are implications of his activity at the probable cause hearing. In other words, if the probable cause hearing would have gone in the defendant's favor, there wouldn't have been anything charged to him to plead to.

"[Special Public Defender]: Right.

"[The Court]: But as far as his advice that was given, or the propriety of the likely sentence and the outcome, that aspect is not being pursued?

"[Special Public Defender]: No absolutely."

cession that she would not pursue the issue of the validity of the petitioner's guilty plea is bolstered by the absence of evidence on the record as to the petitioner's state of mind when he entered the plea or what motivated him to do so. The petitioner did not testify at the habeas hearing and the petitioner's trial counsel was never questioned about the circumstances surrounding the entry of the plea. We are therefore left to speculate as to why the petitioner's plea was not made knowingly, voluntarily and intelligently. This we cannot do.

A review of the record reveals that the habeas court's finding that the petitioner's habeas counsel expressly waived the claim that the petitioner's guilty plea was not validly made is not clearly erroneous.

## II

The petitioner next claims that the habeas court abused its discretion in refusing to permit his habeas counsel to reinstate the petitioner's plea claim. We disagree.

Our Supreme Court has held that if the plaintiff withdraws a claim and the action is still pending, "the plaintiff may be permitted, despite the withdrawal, to reinstate his claim." *Lusas* v. *St. Patrick's Roman Catholic Church Corp.,* 123 Conn. 166, 169, 193 A.2d 204 (1937); *Boothe* v. *Armstrong,* 80 Conn. 218, 225–26, 67 A. 484 (1907). The trial court may exercise its discretion, however, to deny the reinstatement of a claim that has been expressly withdrawn. Only where the trial court has abused that discretion will this court order a reversal.

"[E]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *State* v. *Hamilton,* 228 Conn. 234, 240, 636 A.2d 760 (1994). "Demonstrating that the trial court

has abused its discretion is a difficult task." *Citicorp Mortgage, Inc.* v. *D'Avanzo,* 31 Conn. App. 621, 627, 626 A.2d 800, cert. denied, 227 Conn. 909, 632 A.2d 690 (1993). At the habeas hearing on July 19, 1993, the court commented that although habeas counsel had properly raised the issue of the effectiveness of the petitioner's trial counsel at the probable cause hearing, she had specifically stated, at the initial habeas hearing on May 19 that she was not raising the validity or the voluntariness of the petitioner's plea. It was not until the close of the final hearing on July 19 that the petitioner's habeas counsel asked to reinstate the invalidity of the plea claim.[9]

The record reveals that the hearings were held with the understanding that the validity of the petitioner's plea was not at issue. The petitioner's habeas counsel did not request the court to reinstate this claim until the close of the final hearing, after all of the evidence had been presented and the witnesses excused. If the trial court had agreed to reinstate the claim, the petitioner's trial counsel would have had to have been recalled and questioned by the state as to the validity

---

[9] The colloquy between the petitioner's habeas counsel and the court was as follows:

"[Special Public Defender]: . . . [T]his strikes me as semantics, whatever, or an error in this way, and at this point, to me it sounds like it's the same thing. That a pre-plea occurrence, probable cause ineffectiveness, affected the outcome, the outcome being the guilty plea. . . . I would ask if it would be possible to reinstate that allegation because it's just a semantical—it's not a difference with any distinction, and then if it was my understanding, then it puts this petitioner in the position of doing an ineffective assistance of counsel habeas against me for that point where— you know my reading of the case law did not come up with this. So I guess I'm asking you . . . that I be allowed to reinstate that and do whatever it is to do that, that we're challenging the guilty plea.

\* \* \*

"[The Court]: . . . I'm not going to allow you to reinstate a claim that you specifically withdrew and we had the whole trial based on the fact of believing that that claim was withdrawn."

of the petitioner's plea and the advice he gave the petitioner. The petitioner's expert witness would also have had to have been recalled to testify as to the quality of the advice given to the petitioner at the time of the plea. Given the express waiver by habeas counsel, and the timing of the request to reinstate the abandoned claim, the trial court's refusal to entertain a new hearing on the petitioner's claim that his guilty plea was not knowingly, intelligently and voluntarily made was not an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.