RAYMOND RANCIATO *v.* JOSHUA NELSON ET AL.
(13363)

FOTI, LANDAU and SPEAR, Js.

Argued November 29, 1994—decision released January 31, 1995

*Alphonse Di Benedetto,* for the appellant (petitioner).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher Alexy,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. In this appeal from the denial of an application for a writ of habeas corpus, the petitioner, Raymond Ranciato, challenges his impending extradition to California pursuant to General Statutes § 54-159.[1] The gist of his four claims is that the trial court improperly determined that sufficient facts existed to justify its findings that the extradition documents charging the defendant with a crime stated probable cause and that the documents were authentic.

"We first consider our scope of review. 'In a habeas corpus appeal, this court may not disturb underlying historical facts found by the habeas court unless they are clearly erroneous. *Veal* v. *Warden,* 28 Conn. App. 425, 428, 611 A.2d 911, cert. denied, 224 Conn. 902, 615 A.2d 1046 (1992); *Biggs* v. *Warden,* 26 Conn. App.

---

[1] General Statutes § 54-159 provides in pertinent part: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit . . . or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon . . . . The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, [or] affidavit . . . must be authenticated by the executive authority making the demand."

52, 56, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991). [W]e are called upon to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . Our function is not to examine the record to see if the trier of fact could have reached a contrary conclusion.' (Citation omitted; internal quotation marks omitted.) *Siano* v. *Warden*, 31 Conn. App. 94, 95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993)." *McKnight* v. *Commissioner of Correction*, 35 Conn. App. 762, 765, 646 A.2d 305, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).

After reading the whole record, we cannot say that the facts set out in the trial court's memorandum of decision are clearly erroneous.

The judgment is affirmed.