[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Bruce Boles, has filed a petition with this court for a writ of habeas corpus. In his amended petition he claims that he was denied effective assistance of counsel from his trial attorney, in the following ways:
 a) that his counsel failed to conduct an adequate investigation into the facts and witnesses in support of the State's case and petitioner's defense; and that
 b) he failed to prepare and present a defense of the petitioner including the exculpating evidence of a third party's guilt.
 I
The petitioner was convicted, following a jury trial, on the charge of murder in the first degree and on February 4, 1991 he was sentenced to a term of fifty years by the trial court.
In the second count, the petitioner makes a claim of innocence. This claim is mainly based on scientific evidence. However, the scientific evidence requested is not available. Therefore, there being no evidence presented relative to the second count it is deemed abandoned and accordingly not established.
The petitioner appealed his conviction to the Connecticut Supreme Court. State v. Boles, 223 Conn. 535. The Supreme Court affirmed the conviction by majority vote, with one judge dissenting. The petitioner was represented at trial by Attorney Alan McWhirter, who is the Public Defender for the District of Waterbury. He was represented on appeal by Attorney Susan Zitzer. CT Page 9275
On September 2, 1992, the petitioner filed his petition for habeas corpus. Then, the petitioner, on December 23, 1996, filed an "amended petition".
In connection with Mr. Bole's amended petition for a writ of habeas corpus, a hearing was held before the court on July 8, 1999. At the hearing, the petitioner testified on his own behalf and the petitioner called his trial attorney Alan McWhirter, who also testified at said hearing, the petitioner was represented by Attorney James A. Shanley, Jr.
 II
In a habeas corpus proceeding the burden of establishing grounds for relief rest with the petitioner. Biggs v. Warden,26 Conn. App. 52, 55, 597 A.2d 839, cert. denied, 221 Conn. 902,600 A.2d 1029 (1991). The proper method for asserting a claim of ineffective assistance of counsel is by way of a motion for a writ of habeas corpus. State v. Leecan, supra, 198 Conn. 541-42;Lozada v. Warden, 223 Conn. 834, 613 A.2d 818 (1992). Connecticut follows the two-pronged test for evaluating the performance of trial counsel found in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Nieves v.Commissioner, 51 Conn. App. 615. "[T]he defendant must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors the results of the proceeding would have been different." (Emphasis added.) Id., 620. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable." Fair v. Warden, 211 Conn. 398, 402,559 A.2d 1094, cert. denied, 493 U.S. 981, 110 S.Ct. 512,108 L.Ed.2d 574 (1989). Stated another way, the "petitioner must make a two-fold showing: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." (Citations omitted.) Valeriano v. Bronson, 209 Conn. 75,85-86, 546 A.2d 1380 (1988); accord Mozell v. Commissioner,51 Conn. App. 818.
"In reviewing the claim, this court must indulge a strong presumption that counsel's conduct falls within the wide range of CT Page 9276 reasonable professional assistance; that is, the defendant must overcome the presumption that, under these circumstances, the challenged action might be considered sound trial strategy. In assessing the petitioner's claim, this court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (Internal citations and quotations omitted.) Magnotti v.Meachum, 22 Conn. App. 669, 674-675, 579 A.2d 553 (1990). "[I]t is perfectly consistent for even a lawyer who commits a grievous error — whether due to negligence or ignorance — to be deemed to have provided competent representation." Wainwright v. Sykes,433 U.S. 72, 105, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), cited inValeriano v. Bronson, supra, 209 Conn. 87.
 III
In an attempt to substantiate his allegation of denial of effective assistance of counsel, the petitioner testified that he only spoke with his attorney on days he went to court. The petitioner indicated that he spoke with his counsel regarding a negotiated resolution, which he the petitioner rejected outright. The petitioner stated to his attorney that he was innocent of the crime charged and wanted a trial. The petitioner claims that Attorney McWhirter stated that "he had the case beat."
The petitioner also testified that he feels that his attorney did not render a thorough investigation and did not uncover evidence that could have exonerated him.
Attorney McWhirter, who is the public defender for Waterbury, indicated that as of 1991 he has tried about 15-20 murder cases. Attorney McWhirter also testified, that his office, through its investigator, conducted a thorough investigation. It was through its investigation that a Myrna Cedeno was discovered. Ms. Cedeno gave testimony at the trial that was beneficial to Mr. Boles. In fact an evidentiary ruling regarding Ms. Cedeno's testimony was the basis for the appeal and was also the basis for the dissenting opinion on appeal.
Attorney McWhirter stated that Mr. Boles spoke little and that Attorney McWhirter's had to do much on its own. In its investigation, the attorney's office pursued a theory that the victim's former boyfriend could have been involved in that the victim was pregnant by him and that he was upset by this fact. CT Page 9277 Attorney McWhirter explored the possible motive and opportunity of the victim's former boyfriend.
Also Attorney McWhirter denied ever telling the petitioner that he had the case beat. Based on his experience as to the uncertainty as to the outcome of trials, he would not make such a statement.
The petitioner gave a statement to the police, (Exhibit A) wherein he stated he was present at 127 Harris Circle where the victim was killed and had seen a man known as Eli kill the victim. It was later determined that Eli was a Roger "Eli" Williams and that Mr. Williams was incarcerated at the time of the incident; a fact that was verified by Attorney McWhirter's office.
The petitioner's conviction appears to be due in large part to the testimony of a Sherrie Washington and Elan Howard who were witness to the incident.
The court finds that Attorney McWhirter did in fact conduct a thorough investigation on behalf of Mr. Boles. The court also finds that Attorney McWhirter's conduct was not deficient and that the petitioner was not denied effective assistance of counsel.
The petitioner presented no credible evidence that his counsel's performance fell below the required standard of reasonable competence displayed by lawyers with ordinary training and skill in the criminal law. Also the petitioner has presented no credible evidence as to his claim of innocence as alleged in the second count of the petition.
Therefore, the court must conclude that the petitioner has failed to meet his burden of establishing the allegations in his amended petition.
Accordingly, the petition is dismissed.
Stengel, J.