[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition, dated February 9, 1999, petitioner seeks the issuance of a writ of habeas corpus.
Petitioner's claim arises from certain claimed irregularities in the administration of a urinalysis which occurred on November 10, 1998. The result of the urinalysis indicated that a controlled substance, Morphin, was in petitioner's system. This resulted in his being charged with intoxication. The disciplinary action which followed this charge caused petitioner to lose his chance for parole.
Petitioner claimed that the test procedure was improper because at the time he gave his sample the cup had been opened and that this was contrary to all other similar tests that he had been involved in in the past. Petitioner also claimed that it was improper because the same person who reported the incident also investigated the matter.
The evidence indicates that on the date in question, drug activity had been suspected in petitioner's dorm and urinalysis CT Page 14597 drug testing was ordered. Participants for the testing were selected at random. Petitioner was one of those selected to give a urine sample. All of the officers involved in the testing were well trained and understood the procedure. All cups to be used were properly labeled and not tampered with.
Petitioner's cup was opened but he was unable to supply the urine for almost three hours. During that period, the cup was in plain view and not tampered with. When petitioner did provide the sample, it indicated the presence of the controlled substance Morphin. This was confirmed by a subsequent laboratory test.
Lieutenant Kevin Smith of the Department of Correction signed the disciplinary report which resulted from the test. Lieutenant Smith signed the report on the basis of the test result. Correction Officer Marshall investigated the matter and interviewed petitioner to learn his version of the event. Lieutenant Rochfork was the hearing officer who reviewed the matter and took the disciplinary action which resulted in petitioner's loss of parole.
The burden of establishing the grounds for relief in a habeas corpus proceeding rests with the petitioner. Biggs v. Warden,26 Conn. App. 52, 55 (1991), cert. denied 221 Conn. 902 (1992).
The evidence fails to establish that the testing procedure or the disciplinary action resulting from the test was in any way violative of petitioner's rights. The grounds for the issuance of a writ of habeas corpus cannot be found.
Accordingly, the petition is dismissed.
Joseph J. Purtill, Judge Trial Referee