[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition, petitioner seeks the issuance of a writ of habeas corpus claiming that his safety has been threatened. Specifically, petitioner alleges that on October 20th, 1998, after he returned from mental health, he was called to the correctional officer's bubble and Correctional Officer Martin told him that if he did not stop playing games, he was going to "take me in my cell and beat my ass."
The burden of establishing grounds for relief in a habeas corpus proceeding rests with the petitioner. Biggs v. Warden,26 Conn. App. 52, 55 (1991); cert. denied 221 Conn. 902 (1992). It is found that on the date in question petitioner was a sentenced prisoner confined to the custody of the Commissioner of Correction at Corrigan Correctional Institution. Confinement was pursuant to a mittimus issued on May 11, 1998, sentencing petitioner to a two-year period of confinement after conviction of a violation of Connecticut General Statutes § 53a-32.
The better evidence is at variance with petitioner's version as to what occurred on the date in question. It is found that at the time petitioner requested that he be allowed to go to the mental health unit. His reason for this request was that he was feeling suicidal. After contacting the mental health unit, petitioner was brought to that unit. A short while later, he returned from mental health and that unit called the correction officer on duty at petitioner's place of confinement to inform the officer that while at mental health, petitioner denied any suicidal feelings.
An inmate reporting suicidal feelings was a serious matter which required immediate action by the correction officer.
The officer having concluded that petitioner falsified the complaint of suicidal feelings ordered petitioner to lock up. Petitioner refused to go into lock up and engaged in an argument with the correction officer. There were a number of other prisoners in the immediate area at the time this occurred. This CT Page 14596 created a threatening situation. As a result of this situation, petitioner was disciplined.
There was no credible evidence that petitioner's safety was threatened.
The allegations of the petition not being proven the petition is dismissed.
Joseph J. Purtill Judge Trial Referee