[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition in these consolidated matters[1], petitioner seeks a writ of habeas corpus.
The gravamen of the petitions is an allegation that correction officers failed to provide necessary emergency medical assistance for the petitioner. It is alleged that on June 19, 1998, petitioner requested Correctional Officer Bettencourt to please call for medical assistance because petitioner was having sharp pains in the upper right side of his chest. It is alleged the officer told petitioner that he would have to make out a written request for sick call. Later, the request was given to CT Page 14593 another officer who contacted the medical unit and petitioner was sent in for examination.
It is further alleged that on June 19, 1998, petitioner missed a meal when his block went to the mess hall at the time he was at the medical facility. He explained to the correction officers why he had missed his meal and requested that food be sent to him. This was not done and petitioner was required to go until 6:00 o'clock the following morning before the next meal. Petitioner is a diabetic and he claimed that he suffered a dizzy spell because of the lack of food.
"[A] prisoner does not shed his basic constitutional right at the prison gate. Wolff v. McDonnell, 418 U.S. 539, 579. A corollary to that latter rule is the rule that prisoners must be afforded the means to redeem violation of constitutionally protected freedom. Ibid. (See Young v. Ragen, 337 U.S. 235, 239."Dukley v. Warden, 34 Conn. Sup. 88, 90-91 (1981). The burden of establishing grounds for relief in a habeas corpus proceeding rests with the petitioner. Biggs v. Warden, 26 Conn. App. 52, 55
(1991), cert. denied 221 Conn. 902 (1992).
It is found that on the dates alleged petitioner was a sentenced prisoner confined to the custody of the Commissioner of Correction at Corrigan Correctional Institution. Petitioner was confined pursuant to a mittimus issued on May 11, 1998, sentencing him to two years for violation of Connecticut General Statutes § 53a-32. There was persuasive evidence that the regulations covering correctional institutions treat complaints of chest pains by inmates most seriously. Correctional officers were aware of the necessity of reporting any such claim immediately to the appropriate medical authorities.
The evidence indicates that on June 19, 1998, Correctional Officer Bettencourt assumed his duties at the unit in which petitioner was confined for the 4:00 to 12:00 shift. The officer denied that petitioner complained of chest pains while he was on duty. The officer testified that if such a complaint had been received, he would have taken action and contacted the medical unit. A review of the log for June 19, 1998 during the 4:00 to 12:00 shift confirms Officer Bettencourt's testimony.
The log indicates that on June 20, 1998, at 1:00 a.m., after Bettencourt had left duty, petitioner requested to go to the medical unit to have his sugar level checked. The log indicates CT Page 14594 that petitioner went to the medical facility and returned at 1:08 a.m. There is no mention of chest pain complaint in the log. Petitioner's extensive medical record was placed into evidence. This record confirms that on June 20, 1998, at 1:00 a.m., petitioner was brought to the medical unit where he complained that he felt his sugar was high. There was no complaint of chest pains in the medical record.
Considering the seriousness with which the Department of Correction treats complaints of chest pains, it is highly unlikely that a complaint of this nature would have gone unrecorded in the log of petitioner's cell block and his medical record.
The medical record does confirm that petitioner is a diabetic and that his condition is being controlled by medication. The medical record also indicates that on occasion petitioner has denied that he is a diabetic and has threatened to refuse his medication.
The medical report indicates that after a complaint of left chest pain, petitioner was given a number of tests which resulted in a conclusion of "no active cardiopulmonary disease."
There was insufficient evidence to indicate that petitioner suffered any loss of a meal or that he suffered any physical problems as a result of being deprived of food. Petitioner has failed to sustain his burden of proof on the allegations contained in these petitions.
Accordingly, the petitions are dismissed.
Joseph J. Purtill Judge Trial Referee