TROY MOZELL *v.* COMMISSIONER OF CORRECTION
(AC 17282)

Foti, Hennessy and Daly, Js.

Argued December 7, 1998—officially released February 16, 1999

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher A. Alexy*, assistant state's attorney, for the appellee (respondent).

*Opinion*

DALY, J. The petitioner, Troy Mozell, appeals from the dismissal of his petition for a writ of habeas corpus, in which he sought to vacate his conviction of possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b)[1] and conspiracy to possess narcotics with intent to sell in violation of General Statutes §§ 53a-48 (a)[2] and 21a-278 (b). The petitioner

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

claimed in the habeas court that his appellate counsel rendered ineffective assistance by neglecting to raise certain issues in his direct appeal.[3]

On appeal, the petitioner claims that the habeas court improperly determined that the petitioner did not sustain his burden of proof that his appellate counsel was ineffective and fell below the required standard of reasonable competence[4] by failing to brief or argue all of the alleged errors claimed at trial. "There is nothing fundamentally unfair about applying the same standard of prejudice to the performance of his appellate counsel that we would be required to apply to the performance of his trial counsel . . . ." *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 461, 610 A.2d 598 (1992).

"[T]o prevail on this claim, [the petitioner] must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. See *Valeriano* v. *Bronson*, 209 Conn. 75, 84–86, 546 A.2d 1380 (1988); accord *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674

---

[3] The petitioner alleged that appellate counsel failed to argue and brief the following nine issues: (1) failing to strike the jury panel due to racial imbalance, (2) permitting the results of a field test for cocaine, (3) permitting evidence concerning a group known as the "Island Brothers," (4) denying the motion in limine to exclude testimony concerning evidence destroyed by the state, (5) permitting testimony concerning laboratory tests when the written report had been destroyed, (6) failing to strike testimony of certain witnesses since the state had not complied with the discovery requirements in suppressing exculpatory materials, (7) failing to sever the case from that of Dana Mozell, (8) challenging the trial court's acting as an advocate and (9) failing to strike the testimony of a witness whose statement was lost.

[4] See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

(1984). If the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation." *Sekou* v. *Warden*, 216 Conn. 678, 690, 583 A.2d 1277 (1990).

"To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the counsel guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . .

"To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701–702, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995).

"While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." (Internal quotation marks omitted.) *McIver* v. *Warden*, 28 Conn. App. 195, 202, 612 A.2d 103, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992).

" 'Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.' " *Valeriano* v. *Bronson*, supra, 209 Conn. 89. Appellate advocates select what in their professional judgment, are the most promising issues for review. Id. "Most cases present only one, two, or three significant questions. . . . Usually . . . if you cannot win on a few major points, the others are not likely to help. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones." (Internal quotation marks omitted.) *State* v. *Pelletier*, 209 Conn. 564, 567, 552 A.2d 805 (1989).

"It is possible to leave out a dispositive issue on appeal and nevertheless, to have furnished a petitioner with adequate counsel under the sixth amendment. . . . A reviewing court must be 'highly deferential' to counsel's decision and judge the action 'from counsel's perspective at the time.' . . . Thus, our action in reaching the petitioner's challenge based on ineffective assistance of counsel will further the goals of finality and minimize intentional defaults as well as provide relief for petitioners who have been denied their constitutional rights in appropriate cases." (Citations omitted.) *Valeriano* v. *Bronson*, supra, 209 Conn. 87–88.

With the framework for our standard of review in place, we move to the issue of whether the petitioner

was denied effective assistance of appellate counsel because counsel's performance allegedly fell below the standard of reasonably competent counsel. The petitioner's appellate counsel testified in the habeas proceedings that he had reviewed the trial transcripts, considered and researched thirty-one possible issues, including the nine raised by the petitioner in his writ, and consulted with Dana Mozell's[5] appellate counsel. Both attorneys determined that there was a dearth of potentially successful issues and concentrated on the issue with the most potential, whether the trial court properly admitted into evidence a gun possessed by a charged coconspirator and the testimony of another charged coconspirator concerning the gun. The petitioner's appellate counsel testified that, although this court determined that the trial court had improperly admitted the gun and testimony concerning it, we determined that it was harmless error.

Furthermore, the petitioner has failed to present an analysis of any of the nine issues he asserts that his appellate counsel should have pursued. Absent such a discussion, he fails to show that he could have prevailed on any other issue and, therefore, the habeas court properly found that the petitioner failed to sustain his burden of proof and denied the writ of habeas resulting in this appeal.

In a case that is tried to the court, such as this case, "the judge is the sole arbiter of the credibility of witnesses and the weight to be given to their specific testimony. . . . It is the right of the trier of fact to draw reasonable and logical inferences from the facts that it finds to be proved. . . . We cannot substitute our judgment for that of the habeas court." (Citations omitted.) *Johnson* v. *Commissioner of Correction,* supra,

---

[5] The petitioner and his brother, Dana Mozell, were tried jointly; both were convicted.

36 Conn. App. 703. In view of the petitioner's failure to sustain his burden of proof on the first prong, we need not consider the second prong of *Strickland*.

The judgment is affirmed.

In this opinion the other judges concurred.