[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10043
The petitioner, by counsel, has filed a second amended two count petition for a writ of habeas corpus. The first count is based on a claim of ineffective assistance of appellate counsel, and the second count claims ineffective assistance of habeas counsel on an earlier petition for a writ of habeas corpus.
The petitioner was the defendant in a criminal case in the judicial district of Fairfield wherein he was charged with the crimes of felony murder, murder, attempted murder, robbery in the first degree, attempted assault in the first degree, assault in the second degree and carrying a pistol without a permit. It was the claim of the state that, on August 28, 1989, the defendant and two associates robbed two victims on the street in Bridgeport, and in the course of the robbery one of the victims was shot and killed. On August 21, 1990, following a jury trial, the defendant was convicted of felony murder and acquitted of all other charges. On October 5, 1990, the trial court sentenced the petitioner to a term of sixty years imprisonment, which term he is currently serving. The defendant was represented by Attorney Arnaldo Granados during the trial and sentencing.
Subsequent to the sentencing, Attorney Suzanne Zitser was appointed as appellate counsel and filed an appeal with the Supreme Court wherein she raised six claims of error. On November 19, 1991, the Supreme Court affirmed the judgment of the trial court. State v. Williams, 220 Conn. 385
(1991).
Attorney Thomas Farver then filed a petition for a writ of habeas corpus claiming ineffective assistance of trial counsel and actual innocence. The habeas court denied the petition, and the denial was affirmed on appeal. Williams v. Warden, 41 Conn. App. 515 (1996);240 Conn. 547 (1997).
The first count of the petition claims ineffective assistance of appellate counsel Zitser in that she "was ineffective in that she failed to brief the issue of there being insufficient evidence for the jury to find the petitioner guilty as an accessory to the robbery underlying his CT Page 10044 felony murder conviction."
The second count of the petition claims ineffective assistance of habeas counsel Farver in that in the habeas corpus petition which he filed alleging ineffective assistance of trial counsel he failed to allege ineffective assistance of appellate counsel Zitser for the reason set forth in the first count of this petition. Therefore, if the claim with respect to Attorney Zitser is not valid, then the claim against Attorney Farver is also invalid.
One of the six issues raised by Attorney Zitser in the appeal of the criminal conviction was a claim that the defendant had been charged only as a principal and therefore he had not been alerted to the fact that the state was relying on alternative theories of liability and that the evidence to be presented would tend to establish the defendant's guilt either as a principal or as an accessory. The claim that the petitioner is making in the petition before this court is that Attorney Zitser also should have claimed that the evidence was insufficient to support a theory of accessory liability.
The burden which a petitioner has in making this kind of claim is clear.
 "[T]o prevail on this claim, [the petitioner] must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. See Valeriano v. Bronson, 209 Conn. 75, 84-86, 546 A.2d 1380 (1988); accord Strickland v. Washington, [supra, 466 U.S. 687]. If the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation." (Internal quotation marks omitted.) Mozell v. Commissioner of Correction, supra, 51 Conn. App. 820-21.
"While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good argument CT Page 10045 . . . in a verbal mound made up of strong and weak contentions." (Internal quotation marks omitted.) McIver v. Warden, supra, 28 Conn. App. 202.
 "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . Appellate advocates select what in their professional judgment, are the most promising issues for review. . . . It is possible to leave out a dispositive issue on appeal and nevertheless, to have furnished a petitioner with adequate counsel under the sixth amendment. . . . A reviewing court must be highly deferential to counsel's decision and judge the action from counsel's perspective at the time. . . . Thus, our action in reaching the petitioner's challenge based on ineffective assistance of counsel will further the goals of finality and minimize intentional defaults as well as provide relief for petitioners who have been denied their constitutional rights in appropriate cases. (Citations omitted; internal quotation marks omitted.) Mozell v. Commissioner of Correction, supra, 51 Conn. App. 822.
Tillman v. Commissioner of Correction, 54 Conn. App. 749.
This court conducted an evidentiary trial on this matter on July 26, 2000, at which time the petitioner offered the testimony of Attorneys Zitser and Farver. Also introduced as exhibits were the criminal trial transcript, the appellate briefs filed by the state and Ms. Zitser, and the direct appeal record.
Ms. Zitser testified that the reason that she did not claim insufficient evidence with respect to accessorial liability was because she felt that the evidence, which must be construed in the light most favorable to sustaining the verdict, was sufficient to support a verdict of guilty based on accessory liability. This court has reviewed those portions of the transcript which concern the conduct of the defendant and his two associates during the course of the robbery and the shooting, and it is clear that this evidence would support a verdict based on accessory liability. All three of the participants were armed with guns which they were pointing at the two victims, Needham and Grant, during the robbery, and all three then opened fire on the victims, killing Grant and wounding Needham. The jury would have been justified in finding that the defendant and his two associates were aiding each other in a common scheme to CT Page 10046 commit a robbery.
Attorney Zitser, an experienced criminal defense appellate counsel, made a decision, based on her professional judgment, that a claim of insufficient evidence to support accessory liability had no merit. This court fully agrees with that decision.
That the judgment of Attorney Zitser was correct is supported by the language of the Supreme Court with respect to the facts which the jury could reasonably have found when it affirmed the petitioner's conviction in the criminal case:
 The jury could reasonably have found the following facts. On August 28, 1989, in the early hours of the morning, the victim, Orville Grant, and Mervin Needham were walking on Sixth Street in Bridgeport when they were approached by the defendant, Floyd Williams, and two other men. The defendant and his two companions all were armed with guns. The defendant forced the victim and Needham to lie on the ground while he rifled Needham's pockets for what turned out to be $5 in cash. The defendant then ordered both men into a nearby yard and again forced them to lie down. After some discussion, all three assailants began shooting. As a result of this assault, Grant died of a gunshot wound to the head.
State v. Williams, supra, 387.
In discussing the claim relating to the accessory liability which was made by Ms. Zitser in the appeal, the Supreme Court, in a reference to the facts which the jury could reasonably have found, stated as follows:
 While there is no question that the state produced sufficient evidence from which the jury could reasonably have concluded that the defendant was an accessory to the robbery underlying the felony murder. . . .
State v. Williams, supra, 389
The petitioner has failed to establish that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law. In short, the petitioner has failed utterly to prove that either his appellate or his habeas counsel was ineffective in the manner CT Page 10047 alleged.
Accordingly, the second amended petition for a writ of habeas corpus is denied.
Hadden, J.T.R.