[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended petition, petitioner seeks a writ of habeas corpus claiming ineffective assistance of Appellate counsel.
For reasons hereinafter stated, the petition is dismissed.
It is undisputed that petitioner was the defendant in a criminal case in the Judicial District of Hartford. On June 30, 1995, after being convicted on pleas of guilty of three counts of robbery in the first degree in violation of C.G.S. § 53a-134 (a)(3), petitioner was sentenced to the custody of respondent for a total effective sentence of nineteen years. Petitioner remains in the custody of the respondent pursuant to that sentence.
On July 2, 1996, in the Judicial District of New Haven, petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of counsel at the trial level. After a hearing, the court (Sullivan, J.) denied the petition. The court granted certification and Attorney James A. Shanley, Jr. was appointed to represent petitioner in the appeal.
The appeal was denied by the Appellate Court Fee v. Commissioner,55 Conn. App. 904, cert. denied 254 Conn. 944 (2000).
It is alleged in the petition, that in prosecuting the appeal, Attorney CT Page 4111 Shanley's acts and omissions fell below the standard of reasonable competence in the criminal law and was constitutionally ineffective. It is further alleged that but for Attorney Shanley's omissions and errors, the Appellate Court proceeding would have been different.
Specifically, it is alleged that in handling petitioner's appeal, the attorney failed to conduct sufficient investigation into the legal and factual issues and, therefore, failed to properly set forth these matters in the Appellate brief. It is also claimed, that Attorney Shanley did not adequately advise and communicate with petitioner concerning the options for appeal and oral argument.
"[T]o prevail on this claim, [the petitioner] must establish (1) that the appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. See Valeriano v. Bronson, 209 Conn. 75,84-86, 546 A.2d 1380 (1988); accord Strickland v. Washington, [supra,466 U.S. 687]. If the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct failing below the level of reasonably competent representation. (Internal quotation marks omitted.) Mozell v.Commissioner of Correction, supra, 51 Conn. App. 820-21.
While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." (Internal quotation marks omitted.) Mclver v. Warden, supra, 28 Conn. App. 202.
Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . Appellate advocates select what in their professional judgment, are the most promising issues for review. . . . It is possible to leave out a dispositive issue on appeal and nevertheless, to have furnished a petitioner with adequate counsel under the sixth amendments. . . . A reviewing court must be highly deferential to counsel's decision and judge the action from counsel's perspective at the time. . . . Thus, our action in reaching the petitioner's challenge based on ineffective assistance of counsel will further the goals of finality and minimize intentional defaults as well as provide relief for petitioners who have been denied their constitutional rights in appropriate cases. (Citations CT Page 4112 omitted; internal quotation marks omitted.) Mozell v. Commissioner ofCorrection, supra, 51 Conn. App. 811." Tillman v. Commissioner ofCorrection, 54 Conn. App. 749, 756-57 (1999).
Petitioner was the only witness to testify in this matter. He stated that his discussions of the case with Attorney Shanley were very short and that the attorney did not consult with him about the Appellate brief It was felt by petitioner that Attorney Shanley should have investigated the case further and should have conferred with him about the brief before filing. Specific issues, which petitioner claim should have been raised on appeal, included the confession which petitioner claims was involuntary since he was under the influence of drugs at the time and had been seriously injured in an automobile accident prior to his arrest and interrogation. Petitioner also claims that he could not be identified as the perpetrator of the robberies and that his trial attorney's failure to investigate this should have been more fully presented to the appellate court.
It is also claimed by petitioner, that his plea was not voluntary because he was forced into it.
In his brief, Attorney Shanley brought out that trial counsel filed a motion to suppress the confession, but that he informed petitioner it probably would be denied. This conclusion was reinforced by the testimony of Officer Getz who testified at the habeas trial. Other than to recite the facts and the applicable law there was little else which appellate counsel could do in his brief In this case, petitioner cited no specific facts, other than his own testimony, which might indicate that the motion to suppress would be successful.
Although the confession was the most important factor considered by the trial attorney in advising petitioner to plead guilty, the identification issue was also important. At the habeas trial, the attorney admitted that he had not filed for discovery of video tapes of some of the robberies until the start of jury selection. The expert witness testified that this was ineffective assistance and that the tapes should have been viewed before petitioner was advised to plead guilty. This claim, as well as other allegations, were brought out at the habeas trial. A review of the habeas judge's decision indicates that he fully considered these matters, carefully analyzed them under the law as stated in Stricklandv. Washington, 466 U.S. 668, 687, 104 Sup. Ct. 2052, 80 L.Ed.2d 674
(1984); Hill v. Lockhart, 474 U.S. 52, 59, 106 Sup. Ct. 360,88 L.Ed.2d 203
(1985); Copas v. Commissioner of Correction, 234 Conn. 139, 153
(1995) and arrived at the conclusion that petitioner had not been deprived of effective assistance of counsel. All of these matters were presented before the Appellate Court in Attorney Shanley's brief and in CT Page 4113 the record. It must be assumed that the Appellate Court considered all of these factors in reaching its decision.
Petitioner claimed in his testimony that his plea of guilty was not voluntary and this was not briefed by Attorney Shanley. It is petitioner's position that if the attorney had conferred with him more often, Attorney Shanley would have been more aware of this claim and could have developed it in his appellate brief This claim does not appear to have been presented at the habeas trial. This fact alone would have made it difficult, if not impossible, for Attorney Shanley to have raised it on appeal.
A review of the judge's canvass at the time the plea was entered, leads to the conclusion that it would be extremely difficult for petitioner to convince any fact finder that his pleas was involuntary and that he suffered prejudice as a result of this claim not being brought out at the habeas trial and on appeal.
Petitioner's testimony at this hearing also appears to confirm that his plea of guilty was properly made under North Carolina v. Alford,400 U.S. 25, 37 (1970). He disputed the claim that he committed the robberies. He admitted that with the confession, he probably would have been convicted if he went to trial. With his extensive criminal record, petitioner feared that he would receive a longer sentence and he wished to take advantage of the state's offer which would have been withdrawn if not accepted.
In his petition, and in his testimony, petitioner made much of this claim that Attorney Shanley failed to confer with him about the contents of the Appellate brief and failed to investigate his claim. There is nothing to indicate that petitioner had a clear understanding of what issues could be raised in the Appellate brief From his testimony on the subject, it would appear that he was under the impression that the Appellate process would be similar to a trial de novo in which he could relitigate and raise issues which he felt were not properly presented at the habeas trial. It must then be concluded that, even if petitioner is correct in his claim that Attorney Shanley did not often confer with him or keep him advised about the contents of his brief, petitioner suffered no substantial prejudice.
Along the same lines, Attorney Shanley's failure to advise petitioner of the results of the appeal and the untimely request for certification to the Supreme Court, while not laudable, do not constitute a basis for the relief sought.
Considering all of the evidence presented, and the reasonable CT Page 4114 inferences which may be drawn from such evidence, it cannot be found that in handling petitioner's appeal, Attorney Shanley's performance fell below the required competence expected of lawyers with ordinary training and skill in the criminal law or that his representation of petitioner contributed so significantly to the affirming of the habeas court's decision as to have deprived petitioner of a fair appeal thus causing an unreliable decision to stand. Tillman v. Commissioner of Correction, supra, 54 Conn. 756-57.
Accordingly, the petition for habeas is dismissed.
 ___________________ Joseph J. Purtill, Judge Trial Referee