ELIAS MORALES *v.* COMMISSIONER OF
CORRECTION
(AC 27140)

Flynn, C. J., and McLachlan and McDonald, Js.

Argued November 30, 2006—officially released February 6, 2007

*Christopher M. Neary,* special public defender, for the appellant (petitioner).

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Elias Morales, appeals following the denial of certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly denied the habeas petition in which he claimed that he had received ineffective assistance of counsel. We dismiss the appeal.

On October 29, 1981, the petitioner pleaded guilty to murder in violation of General Statutes § 53a-54a. On January 8, 1982, the petitioner was sentenced to a term of incarceration of eighteen years to life. The petitioner

filed this petition for a writ of habeas corpus on February 3, 2004, and amended it on September 3, 2004, alleging that his guilty plea was not knowingly, voluntarily and intelligently made because counsel induced the petitioner to plead guilty by telling him, incorrectly, that he would be released from custody after serving nine years.

At the habeas proceeding, the court heard the testimony of the petitioner and attorney Eugene Riccio, one of the Bridgeport public defenders involved in the representation of the petitioner. The petitioner testified that, although he could not recall the name or face of his defense counsel, counsel told him that by pleading guilty and being sentenced to eighteen years to life imprisonment, he would be released from prison after nine years and could go home. Riccio also testified. He stated that he previously had represented the petitioner and could not recall specifically his involvement in the petitioner's plea negotiations. Riccio also testified that attorney Herbert Bundock, his superior, had represented the petitioner when he entered his plea. Riccio testified about his standard practice and the standard practice that was followed by the public defender's office at Bundock's direction in advising individuals who had pleaded to indeterminate life sentences. He explained that these defendants would be advised of the approximate amount of time they would have to serve before parole eligibility, in the petitioner's case about nine years and that the granting of parole was not guaranteed at that time.

The court denied the petition for a writ of habeas corpus. The petitioner's testimony was the only evidence of improper advice by counsel that the petitioner presented. The court credited Riccio's testimony over the testimony of the petitioner. In so doing, the court noted: "If [the petitioner] truly believed that he would be going home after nine years, that would have been

sometime in 1991 at the latest. It is difficult to accept that a person, believing he was entitled to freedom, would then wait for an additional thirteen years until 2004 before filing a complaint." Subsequently, the petitioner filed a petition for certification to appeal, which the court denied.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 96 Conn. App. 854, 856–57, 902 A.2d 701, cert. denied, 280 Conn. 916, 908 A.2d 536 (2006).

The petitioner claims that the court's denial of his petition was based on findings of fact that were not supported by the evidence. The petitioner claims that

the court made the improper factual finding that he was never advised by counsel that he would be free in nine years.

It is well established that "the burden of establishing grounds for relief in a habeas corpus proceeding rest[s] with the petitioner." *Biggs* v. *Warden*, 26 Conn. App. 52, 55, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991). "The petitioner, as the plaintiff in a habeas corpus proceeding, bears a heavy burden of proof." *Lubesky* v. *Bronson*, 213 Conn. 97, 110, 566 A.2d 688 (1989). When the factual basis of the court's decision is attacked, "[w]e are called upon to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . Our function is not to examine the record to see if the trier of fact could have reached a contrary conclusion." (Citation omitted; internal quotation marks omitted.) *Siano* v. *Warden*, 31 Conn. App. 94, 95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

Further, "[n]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." *Morgan* v. *Hill*, 139 Conn. 159, 161, 90 A.2d 641 (1952); see also *Robert S. Weiss & Co.* v. *Mullins*, 196 Conn. 614, 621, 495 A.2d 1006 (1985). "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 561, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002).

Upon review of the transcript of the habeas proceedings and of the entire record, we cannot say that the

conclusion by the court that the petitioner failed to prove that his attorney told him he would be free in nine years was clearly erroneous. At the habeas proceeding, the petitioner testified that his attorney advised him that by pleading guilty and accepting a sentence of eighteen years to life, the petitioner would be released from prison in approximately nine years. It was within the court's province as the finder of fact to determine the credibility of the petitioner's testimony. See id., 562. Riccio testified about his usual advice to defendants prior to a guilty plea and the practices in the public defender's office at the time of this plea, under Bundock's direction. Although unable to recall advising the petitioner regarding the plea, Riccio testified that he would have advised the petitioner, prior to this guilty plea, that his earliest parole date would be in approximately nine years but that parole was not guaranteed. Riccio could not recall specifically giving this advice to the petitioner and testified that Bundock may have done so.[1] Bundock was unavailable to testify because he had died. Riccio testified that the public defender's office, and he and Bundock specifically, did not tell clients they were guaranteed to make parole.[2]

---

[1] The petitioner claims that the court's factual finding that Riccio gave this advice is clearly erroneous because Riccio testified that Bundock may have given that advice. Even if this one finding was inaccurate, all of the findings, taken as a whole, instead of focusing on this one inaccuracy, provide more than ample support for the court's decision. See *Lambert* v. *Donahue*, 78 Conn. App. 493, 508, 827 A.2d 729 (2003). Further, such an error would not undermine our confidence in the court's fact-finding process. See id., 508–509. In this respect, we note that in its memorandum of decision, the court stated: "It is clear to this court that the testimony of attorney Riccio is deserving of greater credibility than that of the petitioner. Attorney Riccio was keenly aware that he was not to tell the petitioner that he would be released on parole after nine years of his sentence. It is clear that the petitioner was never told that he would serve only nine years."

[2] Riccio testified at the habeas proceeding as follows:

"[The Prosecutor]: Now, the claim that's being made in this report, or in this petition, is that the petitioner claims that the trial counsel induced the petitioner into pleading guilty by telling him that he would be released from custody after serving nine years of his sentence. Did you ever tell [the

We conclude that it is clear that the factual finding of the court, that the petitioner was advised by counsel at the time of his guilty plea that he would be eligible for parole in nine years, not that he would be released from prison in such time, is not clearly erroneous. We conclude accordingly, that the court properly found that the petitioner failed to establish that he was advised that he would be released from prison in nine years. Further, we conclude that the petitioner has not shown that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Therefore, the petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal relative to his ineffective assistance of counsel claim reflects an abuse of discretion. See *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.

petitioner] that he would be released after serving nine years?

"[The Witness]: No, I couldn't have done that.

"[The Prosecutor]: And that was because that was not what people in your office did?

"[The Witness]: Correct. In these indeterminate sentences, you had to make parole, and we had, obviously, no input into the parole situation.

"[The Prosecutor]: All right. The information that you provided to a client, the advice that you gave them when you were discussing a plea agreement, was that at the direction of Mr. Bundock? In other words, did he set the policy as to what a client would be told?

"[The Witness]: Yes. He was the head of the office, and when I started there, I was told what, in these situations, should be—the client should be informed.

"[The Prosecutor]: And he told you that a client should never be told that he's going to be making parole. He should be advised that he was eligible for parole at that point.

"[The Witness]: Right. We were—we were, I recall, being specifically told by Mr. Bundock not to tell anyone that they were, you know, guaranteed to make parole because there were variables there that we didn't—couldn't predict."