917 A.2d 586 (2007)
100 Conn.App. 183
STATE of Connecticut
v.
H.P.T.[1]
No. 25775.
Appellate Court of Connecticut.
Argued January 18, 2007.
Decided March 27, 2007.
*587 Richard S. Cramer, Wethersfield, for the appellant (defendant).
Christopher T. Godialis, senior assistant state's attorney, with whom, on the brief, were James E. Thomas, state's attorney, and Robin D. Krawczyk, senior assistant state's attorney, for the appellee (state).
FLYNN, C.J., and BISHOP and McLACHLAN, Js.
FLYNN, C.J.
The defendant, H.P.T., appeals from the judgments of conviction, rendered after a jury trial, in which his two cases were consolidated and tried jointly. On appeal, the defendant claims that he was denied his due process right to a fair trial because the prosecutor engaged in misconduct during closing argument.[2] We affirm the judgments of the trial court.
In the first information, the defendant was charged with assault in the second degree in violation of General Statutes § 53a-60 (a)(2), two counts of assault in the third degree in violation of General Statutes § 53a-61 (a)(1) and risk of injury to a child in violation of General Statutes § 53-21(a)(1), arising out of an attack on his minor daughter, in which he allegedly struck the victim with his hands, with an umbrella and with a hand iron, designed for pressing clothes. He was convicted, following a jury trial, of all counts.
Under a separate information, the defendant was charged with sexual assault in the second degree in violation of General Statutes § 53a-71 (a)(1) and three counts of risk of injury to a child in violation of § 53-21. He was convicted of sexual assault in the second degree and one count of risk of injury, stemming from an incident in which the defendant penetrated the victim's vagina with a sexual device *588 against her will and also from instances of sexual molestation, occurring between May, 2001, and June, 2002.[3] The defendant was sentenced to a total effective term of twenty-three years incarceration, execution suspended after thirteen years, with ten years of probation.
The defendant claims that he was denied his due process right to a fair trial as a result of prosecutorial misconduct. Specifically, he takes issue with four remarks made by the prosecutor, claiming that the prosecutor improperly shifted the burden of proof from the state to the defendant. We disagree and conclude that none of the remarks was improper under the circumstances.
At the outset, we note that the defendant did not object to the alleged instances of prosecutorial misconduct during trial. This failure to object, however, does not preclude our review. "In cases of unpreserved claims of prosecutorial misconduct . . . it is unnecessary for the defendant to seek to prevail under the specific requirements of [State v. Golding, 213 Conn. 233, 239-40, 567 A.2d 823 (1989)] and, similarly, it is unnecessary for a reviewing court to apply the four-pronged Golding test." (Internal quotation marks omitted.) State v. Spencer, 275 Conn. 171, 178, 881 A.2d 209 (2005).
"In analyzing claims of prosecutorial misconduct, we engage in a two step analytical process. The two steps are separate and distinct: (1) whether misconduct occurred in the first instance; and (2) whether that misconduct deprived a defendant of his due process right to a fair trial." (Internal quotation marks omitted.) State v. Powell, 93 Conn.App. 592, 603-604, 889 A.2d 885, cert. denied, 277 Conn. 924, 895 A.2d 797 (2006). "Only if we conclude that prosecutorial misconduct has occurred do we then determine whether the defendant was deprived of his due process right to a fair trial." State v. Schiavo, 93 Conn.App. 290, 302, 888 A.2d 1115, cert. denied, 277 Conn. 923, 895 A.2d 797 (2006).
Where prosecutorial misconduct is identified, our Supreme Court in State v. Williams, 204 Conn. 523, 540, 529 A.2d 653 (1987), has enumerated six factors to guide in the determination of whether the entire trial was so infected with unfairness so as to deprive the defendant of a fair trial. These factors include the extent to which the misconduct was invited by defense conduct, the severity and the frequency of the misconduct, the centrality of the misconduct to the critical issues in the case, the effectiveness of the curative measures adopted and the strength of the state's case. Id.
Guided by Powell and Schiavo, we address each of the defendant's claims of prosecutorial misconduct to determine first if misconduct occurred. The defendant first claims that the prosecutor improperly shifted the burden of proof to him when she made the following remark in her initial closing argument: "[Defense counsel will] try to convince you there is reasonable doubt."
In the present case, the court instructed the jury that the state must prove the defendant's guilt beyond a reasonable doubt. See State v. Skipper, 228 Conn. 610, 622, 637 A.2d 1101 (1994). Because the defendant had interposed a justification defense, indicating that the beatings were a disciplinary response to misconduct of the victim, which included skipping school and misbehaving at home, the court also instructed the jury that the state bore *589 the burden of disproving the defense of justification beyond a reasonable doubt. See General Statutes § 53a-12 (a).[4]
After reviewing the record, we conclude that the remark of which the defendant complains was not uttered in isolation. Instead, after arguing that defense counsel would "try to convince you that there is reasonable doubt," the prosecutor then stated that defense counsel also would assert "that [the state] [has] not proved [its] case beyond a reasonable doubt." In doing so, the prosecutor clearly acknowledged that that burden of proof lay with the state and did not attempt to shift the burden of proof. Moreover, because "we presume, absent a fair indication to the contrary, that the jury followed the instruction of the court as to the law"; State v. Lasky, 43 Conn.App. 619, 629, 685 A.2d 336 (1996), cert. denied, 239 Conn. 959, 688 A.2d 328 (1997); we conclude that the burden of proof remained on the state.
The defendant next claims that it was improper for the prosecutor, in her initial argument to the jury, to state, while summarizing evidence about the attack with the umbrella, that the defense "will claim [it] is justified under the lawjustified as reasonable." This claim requires little analysis. The defendant previously had requested a jury charge on justification, and the prosecutor's remark did no more than summarize the fact that the defendant had interposed a defense of justification. We, therefore, see nothing improper in drawing that to the jury's attention.
Finally, the defendant claims that the prosecutor made two remarks during her rebuttal argument that shifted the burden of proof to the defendant. Specifically, the defendant takes issue with the prosecutor's remark that "[the defendant] wants you to believe there is no sexual assault." The second statement referred to defense counsel's argument that the defendant never struck the victim with the iron. The prosecutor stated that, "[a]pparently, [defense counsel and the defendant] want you to believe that this iron was not used."
On the basis of our review of the closing argument, we disagree with the defendant's claim that the challenged remarks made in rebuttal were improper. A prosecutor is permitted to respond in her rebuttal argument to the statements made by defense counsel. State v. Galarza, 97 Conn.App. 444, 471, 906 A.2d 685, cert. denied, 280 Conn. 936, 909 A.2d 962 (2006). In the present case, defense counsel had argued to the jury that the defendant had admitted to police investigators that he had obtained the sexual device, but he denied using it on the victim. Defense counsel also argued in his summation that the defendant "admitted that he hit [the victim] with the umbrella, not the iron." The prosecutor accurately summarized the strategy used by defense counsel in his summation and attempted to rebut it by reference to other evidence in the case.
Only if we conclude that prosecutorial misconduct has occurred do we then apply the six factors set forth in State v. Williams, supra, 204 Conn. at 540, 529 A.2d 653, to determine if the misconduct was so severe as to amount to a denial of due process and the right to a fair trial. Because we conclude that the prosecutor's remarks were not improper, we do not consider whether the remarks amounted to *590 a denial of due process under State v. Williams.
The judgments are affirmed.
In this opinion the other judges concurred.
NOTES
[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.
[2] At oral argument before this court, the defendant withdrew his claim concerning the instruction to the jury on the crime of assault in the second degree.
[3] The defendant was found not guilty of two additional counts of risk of injury to a child in violation of § 53-21 in the second information.
[4] General Statutes § 53a-12 (a) provides: "When a defense other than an affirmative defense, is raised at a trial, the state shall have the burden of disproving such defense beyond a reasonable doubt."