## H. P. T.* *v.* COMMISSIONER OF CORRECTION
### (AC 31281)

Gruendel, Alvord and Dupont, Js.

\* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued January 5—officially released March 22, 2011

*Michael Proto*, assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, chief state's attorney, for the appellant (respondent).

*Adele V. Patterson*, senior assistant public defender, for the appellee (petitioner).

*Opinion*

GRUENDEL, J. The respondent, the commissioner of correction, appeals from the judgment of the habeas court granting, in part, the amended petition for a writ of habeas corpus filed by the petitioner, H. P. T. On appeal, the respondent claims that the court improperly vacated the petitioner's underlying criminal sentence on the basis of ineffective assistance of counsel during pretrial proceedings. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the resolution of the respondent's appeal. In 2002, the state charged the petitioner with various criminal offenses in two informations. Specifically, in docket number CR-02-0562000, the state charged the petitioner with one count of assault in the second degree in violation of General Statutes § 53a-60 (a) (2), two counts of assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and one count of risk of injury to

a child in violation of General Statutes § 53-21 (a) (1). In docket number CR-02-0563146, the state charged the petitioner with three counts of risk of injury to a child in violation of § 53-21 (a) (1) and one count of sexual assault in the second degree in violation of General Statutes (Rev. to 2001) § 53a-71 (a) (1).

Attorney Thompson Page represented the petitioner throughout the pretrial phase of the criminal proceedings. On July 31, 2003, during a pretrial conference, the prosecutor offered that if the petitioner pleaded guilty to the charges of sexual assault in the first degree, risk of injury to a child and assault in the second degree, she would recommend a sentence of twenty-five years incarceration, execution suspended after twelve years, with ten years of probation (state's offer). Also during this pretrial conference, the court, *Solomon, J.*, made its own offer of twenty years incarceration, execution suspended after nine years, with twenty years of probation (court's offer).[1] The prosecutor neither explicitly accepted nor rejected the court's offer, thus, acquiescing to its terms.[2]

In August, 2003, Page met with the petitioner to discuss the terms of the court's offer. Page did not, however, retain the services of an interpreter to assist the petitioner, whose native language is Vietnamese, in understanding the terms of the court's offer and the charges to which he would be pleading guilty.[3] Additionally, Page never advised the petitioner to accept the

---

[1] The court's offer was made in return for the petitioner's guilty plea to the same charges articulated in the state's offer.

[2] During a hearing on the petitioner's habeas corpus petition, the prosecutor indicated that she would not "make a fuss about" the differences between the state's offer and the court's offer if the petitioner had, in fact, pleaded guilty under the court's offer.

[3] For purposes of this appeal, we assume that the petitioner required the assistance of an interpreter in understanding adequately the conditions of the court's offer and the nature of the charges to which he would be pleading guilty thereunder.

court's offer, and, on September 18, 2003, the petitioner rejected both the state's offer and the court's offer. Thereafter, in October, 2003, Page withdrew his representation of the petitioner, and the petitioner retained attorneys Michael A. Georgetti and Salvatore Bonanno to represent him throughout trial.

In 2004, the matter was tried to a jury.[4] On April 15, 2004, the jury returned a verdict, finding the petitioner guilty of one count of sexual assault in the second degree, one count of assault in the second degree, two counts of assault in the third degree and two counts of risk of injury to a child. The petitioner was found not guilty of the remaining two counts of risk of injury to a child. On July 26, 2004, the court, *Keller, J.*, sentenced the petitioner to a total effective term of twenty-three years incarceration, execution suspended after thirteen years, with ten years of probation. The petitioner directly appealed to this court, and his conviction was affirmed. See *State* v. *H. P. T.*, 100 Conn. App. 183, 917 A.2d 586, cert. denied, 282 Conn. 917, 925 A.2d 1100 (2007).

The petitioner then commenced the present action for a writ of habeas corpus. In his third amended petition, filed November 18, 2008, he alleged, inter alia, that Page provided ineffective assistance of counsel by failing to communicate and to advise him adequately with respect to the court's offer.[5] More specifically, he alleged that because Page had "failed to translate and explain" the court's offer, he "so lacked an understanding of that offer that [he] . . . was unaware . . . it had

---

[4] The charges against the petitioner were consolidated and tried jointly.

[5] Although the habeas corpus petition references specifically the state's offer, it is clear from the record that this reference is actually to the court's offer, as the petitioner testified that he would have accepted the "nine year sentence" but for Page's ineffective assistance of counsel. As such, we analyze the petitioner's habeas corpus petition with respect to the court's offer only.

even been made" until well after his criminal conviction and sentencing. He further alleged that had Page "adequately communicate[d] and . . . advise[d]" him to accept the court's offer, he would have accepted the nine year sentence and not proceeded to trial.

Following the presentation of evidence, the habeas court issued a memorandum of decision, filed June 18, 2009, granting, in part,[6] the petition for a writ of habeas corpus. The habeas court concluded that Page's pretrial representation of the petitioner, particularly with respect to the plea negotiation process, amounted to ineffective assistance of counsel under *Strickland*[7] and its progeny. The habeas court reasoned that, given Page's deficient representation during pretrial proceedings, the petitioner was prejudiced by rejecting the court's offer, which carried a shorter term of incarceration than that which the petitioner received after trial. Nonetheless, finding "no constitutional infirmity related" to the petitioner's conviction, the habeas court declined to vacate the jury verdicts and to remand the case for a new trial. Instead, the habeas court directed the sentencing court to vacate the petitioner's sentence and to resentence the petitioner "to a total effective sentence that may not exceed the court indicated sentence of twenty years to serve, execution suspended after the service of nine years, followed by twenty years probation." This appeal followed. Additional facts will be set forth as necessary.

The respondent now claims that the habeas court improperly vacated the petitioner's sentence on the

---

[6] The petitioner also sought a writ of habeas corpus on the basis of the alleged ineffective assistance of Georgetti and Bonanno, as well as his appellate counsel. The habeas court, however, granted the petition only with respect to the ineffective assistance of Page during the pretrial phase of the criminal proceedings.

[7] See *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

basis of the ineffective assistance of Page during the pretrial phase of the underlying criminal case. In support of this claim, the respondent does not argue that the habeas court incorrectly concluded that Page's pretrial representation of the petitioner constituted deficient performance. Rather, the respondent claims that, because there is no substantive statutory or constitutional right to a plea offer, the petitioner could not possibly show that he was prejudiced by Page's deficient pretrial performance. Therefore, as argued by the respondent, even assuming that Page's pretrial representation amounted to deficient performance, the habeas court incorrectly determined that he was prejudiced thereby, as otherwise required under *Strickland*.

Before addressing the merits of the respondent's claim, we begin by setting forth the applicable legal principles and standard of review governing our analysis. "A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . As enunciated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], this court has stated: It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

. . . The claim will succeed only if both prongs are satisfied. . . . Our Supreme Court has recognized that pretrial negotiations implicating the decision of whether to plead guilty is a critical stage, and, therefore, a defendant is entitled to adequate and effective assistance of counsel at this juncture of the criminal proceedings." (Citations omitted; internal quotation marks omitted.) *Ebron* v. *Commissioner of Correction*, 120 Conn. App. 560, 566–67, 992 A.2d 1200, cert. granted on other grounds, 297 Conn. 912, 995 A.2d 954 (2010).

"In *Strickland*, the United States Supreme Court began its discussion regarding the prejudice prong by observing: An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . . The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. . . . The court then reasoned that a criminal defendant must affirmatively prove prejudice and show that the attorney's errors actually had an adverse effect on the defense. . . . Last, it noted that it was not enough to show that the errors had some conceivable effect on the outcome . . . but instead that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations omitted; internal quotation marks omitted.) Id., 574.

Finally, "[h]abeas corpus is a civil proceeding." *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970). "It is well established that the burden of establishing grounds for relief in a habeas corpus proceeding rest[s]

with the petitioner. . . . The petitioner, as the plaintiff in a habeas corpus proceeding, bears a heavy burden of proof. . . . When the factual basis of the court's decision is attacked, [w]e are called upon to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in the light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . Our function is not to examine the record to see if the trier of fact could have reached a contrary conclusion." (Citations omitted; internal quotation marks omitted.) *Morales* v. *Commissioner of Correction,* 99 Conn. App. 506, 509, 914 A.2d 602, cert. denied, 282 Conn. 906, 902 A.2d 308 (2007). "In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses and the weight to be given to their specific testimony. . . . It is the right of the trier of fact to draw reasonable and logical inferences from the facts that it finds to be proved. . . . We cannot substitute our judgment for that of the habeas court." (Internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction,* 51 Conn. App. 818, 823, 725 A.2d 971 (1999). Nonetheless, we note that "our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction,* 117 Conn. App. 120, 125, 977 A.2d 772, cert. denied, 294 Conn. 904, 982 A.2d 647 (2009).

Here, the respondent maintains that, because there is no substantive right to a plea offer, the petitioner could not prevail on his ineffective assistance of counsel claim, as he could not show that Page's deficient pretrial performance prejudiced his defense within the meaning of *Strickland.* We find the respondent's claim in the present case to be akin to that rejected by this court in *Ebron* v. *Commissioner of Correction,* supra, 120

Conn. App. 580–82. In *Ebron,* as in the case at bar, the respondent claimed, inter alia, that the habeas court improperly concluded that the petitioner had been prejudiced by counsel's deficient performance in deciding to reject "a very favorable plea offer . . . ." Id., 562–63. On appeal, this court rejected the respondent's argument that, because the petitioner was not deprived of a "substantive or procedural right to which he was entitled"; id., 581; by rejecting the plea, he could not satisfy the prejudice prong required under *Strickland.* Id., 581–82. In so holding, this court focused on the fact that by rejecting the plea offer, the petitioner in *Ebron* received a term of incarceration greater than that which he would have received if he had accepted the plea offer. Id., 582. We conclude that the same scenario is present in this case. As in *Ebron,* the habeas court in this case found that, but for counsel's deficient performance, the petitioner would have accepted a plea offer and that by rejecting that offer, the petitioner ultimately received a greater term of incarceration. Id.; see also *Glover* v. *United States,* 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). Thus, "the habeas court properly determined that the petitioner suffered prejudice as a result of [his counsel's] deficient performance." *Ebron* v. *Commissioner of Correction,* supra, 582.

We take this opportunity to emphasize the lack of appellate authority guiding habeas courts in fashioning an appropriate remedy when the deficient pretrial performance of counsel results in the rejection of a plea offer that would otherwise have been accepted by a criminal defendant. In this regard, we are mindful of the concerns raised by the respondent, particularly with

respect to the doctrine of the separation of powers. Nonetheless, we are equally mindful that "[o]ur approach has . . . been to identify and then neutralize the [constitutional] taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel . . . ." *United States* v. *Morrison*, 449 U.S. 361, 365, 101 S. Ct. 665, 66 L. Ed. 2d 564 (1981). This approach stems from the doctrine that "the [habeas] trial court, *much like a court of equity*, has considerable discretion to frame a remedy, so long as that remedy is commensurate with the scope of the constitutional violations which have been established." (Emphasis in original; internal quotation marks omitted.) *Brooks* v. *Commissioner of Correction*, 105 Conn. App. 149, 160, 937 A.2d 699, cert. denied, 286 Conn. 904, 943 A.2d 1101 (2008). In concluding that the petitioner fell victim to the ineffective assistance of his pretrial counsel, we cannot say that the habeas court improperly strayed from these principles in the present case. See *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 553, 851 A.2d 313 (affirming remedy of habeas court reducing sentence to reflect pending plea offer rejected as result of ineffective assistance of pretrial counsel), cert. denied, 271 Conn. 914, 859 A.2d 569 (2004).

The judgment is affirmed.

In this opinion the other judges concurred.